FILED'10 JUL 19 1259USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM M. CHRISTEN,                              Civ. No. 09-12-AA

           Plaintiff,                            OPINION AND ORDER

     v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

           Defendant.
_____

Kimberly K. Tucker
Swanson, Thomas & Coon
820 S.W. Second Ave., Suite 200
Portland, OR  97204
     Attorney for plaintiff

Dwight C. Holton
United States Attorney
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, Oregon 97204-2902

Lisa Goldoftas
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington  98104-7075
     Attorneys for defendant

1    - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. §§ 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying plaintiff's application for Disability Insurance Benefits (DIB). For the reasons set forth below, the Commissioner's decision is affirmed.

## BACKGROUND

On March 7, 2006, plaintiff filed an application for DIB, alleging disability since May 20, 2005 due to chronic back pain. Tr. 11, 106-08, 125. His application was denied initially and on reconsideration. Tr. 73-76, 79-85. After timely requesting a hearing, plaintiff and a vocational expert appeared and testified before an administrative law judge (ALJ) on January 17, 2007. Tr. 22-72. On November 6, 2007, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 11-21. The Appeals Council denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. Tr. 1-4. Plaintiff now seeks judicial review.

Plaintiff was fifty-nine years old at the time of the ALJ's decision, with a high-school education and past relevant work as an electronics technician. Tr. 27, 33, 106.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is

2    - OPINION AND ORDER

based on the proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The ALJ evaluated plaintiff's allegation of disability pursuant to the relevant five-step sequential process. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. At step one, the ALJ found that plaintiff had not engaged in

"substantial gainful activity" during the period of alleged disability. Tr. 13; 20 C.F.R. § 404.1520(b).

At steps two and three, the ALJ found that plaintiff has severe impairments of "lumbar generative disc disease, with status-post L3-4 posterior fusion," but that plaintiff's impairments did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude gainful activity." Tr. 14-15; 20 C.F.R. § 404.1520(c),(d).

At step four, the ALJ found that plaintiff retained the residual functional capacity to perform a limited range of light work. Tr. 15; 20 C.F.R. § 404.1520(e). Specifically, the ALJ found that plaintiff could occasionally lift and carry twenty pounds and frequently lift and carry ten pounds; stand or walk for six hours in at eight-hour work day; and sit for six hours in an eight-hour work day. Tr. 15. The ALJ also found that plaintiff could occasionally climb, stoop, kneel, crouch, and crawl. Tr. 15. Based on this RFC assessment, the ALJ found that plaintiff was able to perform his past relevant work as an electronics technician as it is generally performed. Tr. 20; 20 C.F.R. § 404.1520(f). Therefore, the ALJ found plaintiff not disabled within the meaning of the Act at step four and did not proceed to step five. Tr. 21.

## DISCUSSION

Plaintiff asserts that the Commissioner's decision should be reversed and remanded for the payment of benefits. Plaintiff

4   - OPINION AND ORDER

argues that the ALJ erred by finding plaintiff's subjective complaints not credible and rejecting the opinion of his treating physician.

## A.  Credibility Determination

Plaintiff argues that the ALJ failed to provide clear and convincing reasons to discount his allegations of chronic back pain and his accompanying limitations. The ALJ found that plaintiff's complaints were not fully credible, citing inconsistencies between his reported symptoms and the evidence of record and plaintiff's daily activities. Tr. 17-18.

When a plaintiff produces objective medical evidence of an impairment that reasonably could be expected to produce some degree of the alleged symptoms, "the ALJ can reject the claimant's testimony about the severity of [the] symptoms only by offering specific, clear and convincing reasons for doing so." Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); see also Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002) (ALJ credibility findings must be "sufficiently specific to permit court to conclude that the ALJ did not arbitrarily discredit claimant's testimony"). While an ALJ cannot reject the severity of subjective complaints solely on the lack of objective evidence, the ALJ may nonetheless look to the medical record for inconsistencies. See Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599-600 (9th Cir. 1999).

Here, the ALJ found that plaintiff's complaints of

5   - OPINION AND ORDER

debilitating pain were not supported by treatment records which reflect that plaintiff reported pain improvement after surgery and subsequent treatments. Tr. 18, 225-29, 237-38, 271, 281. Further, although plaintiff alleged severe swelling and pain in his left hand and side effects from medication, the ALJ found that plaintiff had not reported such complaints or received treatment for his left hand prior to the administrative hearing. Tr. 17, 19, 137. Although this evidence could be interpreted differently, I cannot find that the ALJ's findings are unsupported by the record.

The ALJ also found inconsistencies between plaintiff's complaints and his reported activities. For example, plaintiff reported that he went camping in his recreational vehicle, fished, built and flew radio-controlled airplanes, and performed household chores. Tr. 39-43, 50-53. The ALJ did not err in finding that the level of activity reported by plaintiff was inconsistent with his claims of total disability. Thus, I find that the ALJ did not arbitrarily discredit plaintiff's testimony and provided legally sufficient reasons for his credibility determination.

## B. Opinion of Treating Physician

Plaintiff also maintains that the ALJ improperly rejected the opinion of Dr. Fitzpatrick, a treating physician. On a Physical Capacities Evaluation completed in October 2006, Dr. Fitzpatrick stated that plaintiff could sit for one hour and stand and walk for less than one hour in an eight-hour work day. Tr. 278. Dr.

6    - OPINION AND ORDER

Fitzpatrick also asserted that plaintiff had limited use of his left hand and that medication side effects caused problems with attention and concentration. 278, 280. The ALJ rejected Dr. Fitzpatrick's opinion in its entirety, affording it no weight in his disability analysis. Tr. 19. The ALJ found that Dr. Fitzpatrick's opinion contradicted his own treatment notes, was unsupported by the medical evidence, and was based solely on plaintiff's subjective complaints, which the ALJ found not credible. Tr. 18-19.

The medical opinion of a claimant's treating physician is entitled to "special weight" because "he is employed to cure and has a greater opportunity to know and observe the patient as an individual." Rodriguez v. Bowen, 876 F.2d 759, 761 (9th Cir. 1989) (citation omitted). The ALJ may reject the uncontradicted opinion of a treating or examining physician by providing clear and convincing reasons supported by substantial evidence in the record. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995). If contradicted, the ALJ may reject the opinion with specific and legitimate reasons. Andrews, 53 F.3d at 1043.

I find no error in the ALJ's evaluation of Dr. Fitzpatrick's opinion. As noted by the ALJ, Dr. Fitzpatrick cited no medical reports to substantiate his assessment of plaintiff's capabilities, particularly the limitation regarding deficiencies in attention and

7   - OPINION AND ORDER

concentration. Tr. 278-80. "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas, 278 F.3d at 957; Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).    The ALJ also noted that Dr. Fitzpatrick conducted no assessment of plaintiff's limitations or his ability to work based on medical testing or evaluation. Instead, the ALJ explained that Dr. Fitzpatrick's opinion was based solely on plaintiff's subjective complaints of pain. Tr. 18, 406. "A physician's opinion of disability 'premised to a large extent upon the claimant's own accounts of his symptoms and limitations' may be disregarded where those complaints have been 'properly discounted.'" Morgan, 169 F.3d at 602 (quoting Fair v. Bowen, 885 F.2d 597, 605 (9th Cir. 1989)).

Further, as noted by the ALJ, the limited nature of Dr. Fitzpatrick's October 2006 assessment is not reflected in his treatment records and is inconsistent with a patient narrative Dr. Fitzpatrick provided on November 30, 2006, in which he describes plaintiff as being "fairly functional" except for certain postural limitations.    Tr. 281.    As noted by the ALJ, Dr. Fitzpatrick's treatment notes do not reflect that plaintiff was affected by side effects of pain medication or experienced difficulties with his left hand as indicated in the October 2006 assessment.    Tr. 137, 271, 281.    Further, the ALJ noted that plaintiff reported pain

8    - OPINION AND ORDER

relief from facet injections and was satisfied with the outcome of his surgery.  Tr. 225-29, 237-38, 271, 275, 281.  Again, while the medical evidence could be subject to differing interpretations, the ALJ's findings are reasonable and therefore must be upheld.  Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1196 (9th Cir. 2004) ("When evidence reasonably supports either confirming or reversing the ALJ's decision, we may not substitute our judgment for that of the ALJ.").

## CONCLUSION

The ALJ's finding that plaintiff is not disabled within the meaning of the Act is supported by substantial evidence in the record.  Accordingly, the decision of the Commissioner is AFFIRMED. IT IS SO ORDERED.

Dated this  $/6$  day of July, 2010.

Ann Aiken
United States District Judge

9    - OPINION AND ORDER